**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HAROLD BALDWIN,

                Plaintiff,

vs.                               Case No.  3:12-cv-382-J-JRK

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.

_____/

## OPINION AND ORDER[2]

### I.  Status

Harold Baldwin ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff filed an application for DIB on May 18, 2009 alleging disability beginning on June 30, 2008, the same month he was fired from a position as a longshoreman.  Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or "administrative transcript"), filed June 29, 2012, at 40-41, 113-19, 166, 167.   Plaintiff's application was denied initially, see Tr. at 58-60, and was denied upon reconsideration, see Tr. at 65-67.

On November 9, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 32-54.  At the time of the hearing,

---

[1]     Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed July 2, 2012; Reference Order (Doc. No. 10), entered July 3, 2012.

Plaintiff was fifty-three (53) years old.  Tr. at 35.  The ALJ issued a Decision on December 6, 2010, finding Plaintiff not disabled through the date of the Decision.  Tr. at 14-26.  The appeals council then received additional evidence, Tr. at 4-5, and denied Plaintiff's request for review on February 15, 2012, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.  On April 6, 2012, Plaintiff commenced this action under 42 U.S.C.§ 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform PRW; and (5) retains the ability to perform any work in the national economy.  20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

---

[3]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 16-26.  At step one, the ALJ found that Plaintiff "has engaged in substantial gainful activity since June 30, 2008, the alleged onset date."  Tr. at 16 (emphasis and citation omitted).  Recognizing that the DIB application "could be denied at Step 1," the ALJ alternatively proceeded with the rest of the sequential inquiry.  Tr. at 16.  At step two, the ALJ found Plaintiff suffers from "the following severe impairments: disorders of the spine, disorders of the shoulder, carpal tunnel syndrome, degenerative joint disease, hypertension, headaches, affective disorder, anxiety, and somatoform disorder."  Tr. at 16 (emphasis and citation omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 17 (emphasis and citation omitted).  The ALJ determined Plaintiff has the following residual functional capacity:

> [Plaintiff can] perform light work as defined in 20 CFR 404.1567(b). [Plaintiff] must avoid ladders or unprotected heights.  He must avoid the operation of heavy moving machinery.  He is able to occasionally bend, crouch, kneel, stoop, squat, and crawl.  He must avoid push and pull arm controls.  He must avoid overhead reaching. [Plaintiff] uses a monocane.  He must avoid the performance of complex tasks.

Tr. at 18.  At step four, the ALJ found Plaintiff "unable to perform any past relevant work" as a "Landscaper," a "Sales Person Household Appliances," a "Computer Tech Operation Specialist," and a "Material Handler-Longshoreman; Terminal Manager[.]"  Tr. at 24 (emphasis and citation omitted).  At step five, the ALJ ascertained Plaintiff can perform other work that exists in significant numbers in the national economy, including "Ticket Taker,"

-3-

"Dining Room Attendant," and "Packager[.]" Tr. at 25 (emphasis omitted).   The ALJ

concluded that Plaintiff "has not been under a disability . . . from June 30, 2008, through the

date of th[e D]ecision." Tr. at 26 (emphasis and citation omitted).

### III.  Standard of Review

         This Court reviews the Commissioner's final decision as to disability pursuant to 42

U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions

of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."

Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d

1320, 1322 (11th Cir. 1998)).   "Substantial evidence is something 'more than a mere

scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir.

2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial

evidence standard is met when there is "'such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting

Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the

evidence; rather, the entire record is reviewed to determine whether "the decision reached

is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143,

1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v.

Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th

Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported

by substantial evidence–even if the evidence preponderates against the Commissioner's

findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per

curiam).

## IV.  Discussion

On appeal, Plaintiff raises a single issue challenging the hypothetical presented to the VE during the hearing.  See Memorandum in Support of Complaint (Doc. No. 13), filed August 21, 2012, at 7-11.  As Defendant points out and relies upon in arguing that the decision to deny DIB should be upheld, the ALJ found at step one of the sequential inquiry, however, that Plaintiff engaged in substantial gainful activity after his alleged onset date. See Memorandum in Support of the Commissioner's Decision (Doc. No. 16), filed October 31, 2012, at 9-10.  As explained below, the ALJ's unchallenged finding in this regard carries the day.

In determining that Plaintiff engaged in substantial gainful activity during 2009, the calendar year after the year of the alleged onset date of disability, the ALJ explained as follows:

> [Plaintiff] worked after the alleged disability onset date and this work activity did rise to the level of substantial gainful activity. [Plaintiff] earned $11,870.07 in 2009.  Substantial gainful employment for 2009 was $980.00 per month which means [Plaintiff]'s earnings constituted substantial gainful activity for 2009.

Tr. at 16 (citations omitted).  Plaintiff does not challenge these findings, and they are supported by substantial evidence.  See Tr. at 133 (stating 2009 earnings were $11,870.07); 20 C.F.R. § 404.1574; 74 Fed. Reg. 64651-01 (2008), 2008 WL 4735105.

The Regulations provide that "if [a claimant] is able to engage in substantial gainful activity, [the Administration] will find that [the claimant] is not disabled."  20 C.F.R. § 404.1571; see also 20 C.F.R. § 404.1520; Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991) (finding that a claimant's "ability to engage in substantial gainful activity meant that her prior period of disability had ceased . . .").  Because the ALJ found Plaintiff had engaged

in substantial gainful activity after the alleged onset date of disability, the application for DIB was properly denied on that basis alone.  Given this determination, the Court need not reach Plaintiff's argument regarding the hypothetical to the VE.

### V.  Conclusion

The undersigned finds that the ALJ's Decision to deny DIB is supported by substantial evidence.  Accordingly, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2.    The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 3, 2013.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw

Copies to:

Counsel of Record